NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS J. LALLANDE IV, | No. 22-16777 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00725-SMB-DMF |
| v. | |
| MARICOPA COUNTY BOARD OF SUPERVISORS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted June 26, 2023[**]

Before:    CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Arizona state prisoner Thomas J. Lallande IV, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that his

quarantines as a pretrial detainee violated his right to equal protection and due

process and constituted cruel and unusual punishment.  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Lallande's Fourteenth Amendment due process claim because Lallande failed to allege facts sufficient to show that the quarantines amounted to punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535-37, 539 (1979) (explaining that pretrial detainees have a Fourteenth Amendment right to be free from jail conditions or restrictions that "amount to punishment," but a condition or restriction does not amount to punishment if it "is reasonably related to a legitimate governmental objective"). Nor did Lallande show the statutes and administrative codes he cited applied to the correctional facility. *See, e.g.*, Ariz. Rev. Stat. § 36-781 (defining "local health authority" as "a county health department or public health services district or any person authorized to act on behalf of the county health department or public health services district.").

To the extent Lallande challenges the district court's decision to refrain from deciding the alleged violations of his right to a speedy trial in his then-pending state criminal case, such abstention was proper. *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Lallande's motion for a decision (Docket Entry No. 14) and "emergency

2                                                                    22-16777

motion" for a decision (Docket Entry No. 16) are denied.

**AFFIRMED.**